■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THELMA JONES, Appellant.—Judgment, Supreme Court, New York County, convicting defendant, after a jury trial, of the crimes of criminal sale of a controlled substance in the second degree (two counts) and criminal possession of a controlled substance in the seventh degree, and sentencing her, respectively, to concurrent terms of six years to life on the sale counts, and to a conditional discharge on the possession count, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and new trial granted. The Trial Justice properly instructed the jury on the law of entrapment and repeated it again on request of the jury. The forelady then asked, referring to the requirement that the defendant prove that she was induced or encouraged to participate in the sales, whether "asking once or asking ten times, say, is the same". The Judge answered: "Well, I think the entire idea is if one of these police officers or their agents create or manufacture a crime, thereby overtaking the will of the other person, this would be wrong, that would be entrapment. So that it would depend on whether it was once or two or three times, was the will of the person, the defendant in this case, overcome by how many times, whatever times she was asked. In other words, the will of the law officer is substituted for the will or voluntariness of the defendant." There was an exception taken to this portion of the charge. The jury was concerned with the key issue of what constitutes inducement or encouragement, an issue upon which the defendant had the burden of persuasion. They were told, in substance, that defendant would not discharge that burden unless she proved that her will had been displaced by that of the People, an evidentiary burden many times greater than that provided by the entrapment statute. Though a charge should be viewed as a whole, it must fail, if what was thereafter added incorporated an idea repugnant to law, yet seemingly compatible with the charge already given. It was also error for the prosecutor, while discussing entrapment in his summation, to engage in a conversation with four jurors by asking them individually whether they would deliver narcotics to a friend of his if he asked them to. The District Attorney, addressing an individual juror, asked: "Each and everyone of you, hold it in your hand knowing it's a drug, knowing that it's punishable by law with serious penalties, would you deliver that to a friend for me?", and of another juror he asked: "I have to go to work today, would you hold onto that [narcotics] for me until I come home?" He then posed similar questions to two additional jurors. Each of the questioned jurors responded in the negative, giving the prosecutor an answer, during the summation, which answer was induced by his improper inquiry and was only that they, the jurors, would ultimately have to decide in their deliberations. In the light of the above errors, the judgment is reversed and a new trial ordered. Concur—Birns, J. P., Bloom, Lupiano, Ross and Lynch, JJ.

■ In the Matter of JACOB H. DIAMOND, as Executor of MORRIS ROSEN, Deceased, Respondent-Appellant, v MARTIN W. ROSEN et al., Appellants-Respondents, and ANNA ROSEN et al., Respondents.—Decree, Surrogate's Court, Bronx County, entered on June 23, 1978, unanimously affirmed on the opinion of Gelfand, S., without costs and without disbursements. Concur —Fein, J. P., Sandler, Bloom, Lane and Silverman, JJ.